# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE BENEFIT PENSION FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE APPRENTICESHIP & TRAINING FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, and INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE ANNUITY FUND P.O. Box 1627 Fort Washington, PA 19034, and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 542, AFL-CIO, 1375 Virginia Drive, Suite 100 Fort Washington, PA 19034, Plaintiffs, v. GLOBAL ENVIRONMENTAL SOLUTIONS, INC. 105 Main Street, Suite #2 South Portland, ME 04106, Defendant. | CIVIL ACTION NO. |

# COMPLAINT

**INTRODUCTION**

This is an action brought by employee benefit plans to collect delinquent contributions, interest on delinquent contributions, liquidated damages, and attorneys' fees, and by a labor union to collect unremitted union dues, pursuant to section 503 of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1132, section 301 of the Labor Management Relations Act (hereinafter "LMRA"), 29 U.S.C. §185, and the common law tort of conversation, pursuant to the Court's supplemental jurisdiction under 28 U.S.C. §1367.

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to §502(a)(3)(B), (d)(1), and (f) and §4301(a)(1) and (c) of ERISA, 29 U.S.C. §§1132(a)(3)(B), (d)(1), and (f), and §1451(a)(1) and (c), respectively, and §301(a) of the LMRA, 29 U.S.C. §185(a).

2. This Court is one of proper venue under ERISA §§502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d), respectively, because the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Benefit Pension Fund (hereinafter the "Pension Fund"), the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Health and Welfare Fund (hereinafter the "Health Fund"), the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Apprenticeship and Training Fund (hereinafter the "Apprenticeship Fund"), the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Supplemental Unemployment Benefit Fund (hereinafter the "SUB Fund"), and the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Annuity Fund (hereinafter the "Annuity Fund") (hereinafter collectively the "Funds") are administered in Pennsylvania.

**PARTIES**

3. At all times relevant hereto, the Funds are "multi-employer plans" and "employee benefit plans" within the meaning of sections 3(2), (3), and (37), of ERISA, 29 U.S.C. §1002(2), (3), and (37), which are maintained for the purpose of providing pension, health and welfare, apprenticeship and training, supplemental unemployment benefits, and annuities and related benefits to eligible participants and are trust funds established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). The Funds qualify to commence this action pursuant to section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

4. At all times relevant hereto, the Funds maintain their principal place of business at 1375 Virginia Drive, P.O. Box 1627, Fort Washington, Pennsylvania 19034.

5. The Funds bring this action on behalf of themselves and on behalf of plan participants and beneficiaries pursuant to sections 502(a)(3)(B)(ii) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3)(B)(ii) and 1451(a)(1), respectively.

6. At all times relevant hereto, Plaintiff International Union of Operating Engineers Local Union 542, AFL-CIO (hereinafter the "Union" or "Local 542") is an unincorporated association commonly referred to as a labor union, and is the exclusive representative for the purposes of collective bargaining of the employees of Defendant Global Environmental Solutions, Inc. who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002 (4), (11), and (12).

7. At all times relevant hereto, the Union maintains its principal place of business at 1375 Virginia Drive, Suite 100, Fort Washington, PA 19034.

8. The Union brings this action pursuant to Section 301 of the LMRA, 29 U.S.C. §185.

9. Defendant, Global Environmental Solutions, Inc. (hereinafter the "contributing employer"), is an employer in an industry affecting commerce within the meaning of section 3(5), (11), and (12) of ERISA, 29 U.S.C. §§1102(5), (11), and (12) and has a business address as set forth in the caption.

10. On April 20, 2011, the contributing employer signed an Acceptance Agreement in which it adopted and agreed by be bound by the National Pipeline Agreement between the International Union of Operating Engineers and the Pipe Line Contractors Association. A true and correct copy of the Acceptance Agreement is attached hereto as Exhibit A.

11. By virtue of the Acceptance Agreement, at all relevant times hereto, the contributing employer was bound by the National Pipeline Agreement that is and was effective between June 5, 2017 and May 31, 2020 ("CBA"). A true and correct copy of the CBA is attached hereto as Exhibit B.

## COUNT ONE
### Funds v. Contributing Employer
### Delinquent Contributions under ERISA and LMRA

12. The above paragraphs are incorporated herein by reference as though duly set forth at length.

13. Under the CBA, the contributing employer is obligated to make full and timely payments to the Funds based upon the number of hours worked and wages paid to its employees for work performed in the territory of Local 542. Exhibit B at Article XV (pp. 24-27), Appendix A (pp. 75-77).

14. Pursuant to Article XV, Sections (A)4 and (B)4 of the CBA, the contributing employer is obligated to submit remittance reports to the Funds documenting the hours worked and wages paid by each employee whose employment is governed by the collective bargaining agreement, as well as the contributions and remittances due on a monthly basis on the thirtieth (30th) day of the month following the month in which the wages which are the basis for the contribution calculation were earned. (Exhibit B, pp. 24-25)

15. Pursuant to Article XV, Sections (C)4 of the CBA and 29 U.S.C. §1132(g)(2)(B), contributions that are not paid by the day on which they are due accrue interest, calculated at a rate of ten percent (10%) per annum from the first day of the month following the date such contributions are due. (Exhibit B, p. 26)

16. Pursuant to Article XV, Sections (C)4 of the CBA and 29 U.S.C. §1132(g)(2)(C)(ii), any contribution not received by its due date is charged liquidated damages equal to ten percent (10%) of the amount of the unpaid or late-paid contribution. (Exhibit B, p. 26)

17. The contributing employer submitted remittance reports that documented $92,833.38 in principal contributions were due for August 2018, and $47,439.11 in principal contributions were due for September 2018. True and correct copies of the remittance reports are attached hereto as Exhibit C.

18. Despite the contributing employer's submission of the remittance reports to the Funds, no contributions were paid for those months.

19. On April 3, 2019, the Funds, through their counsel, sent a letter to Teresa A. Pomerleau, Vice President for the contributing employer, demanding payment of the above

amounts plus interest and liquidated damages. A true and correct copy of the April 3, 2019 letter is attached hereto as Exhibit D.

20. The contributing employer did not respond to the April 3, 2019 letter.

21. To date, the contributing employer has not paid any of the delinquent amounts.

22. In addition to the delinquent principal, the contributing employer owes ongoing interest on that delinquency calculated at a rate of ten percent (10%) per annum, pursuant to the CBA and 29 U.S.C. §1132(g)(2)(B).

23. The contributing employer also owes $14,027.25 in liquidated damages (10% of the principal), pursuant to the CBA and 29 U.S.C. §1132(g)(2)(C)(ii).

24. Pursuant to the CBA and 29 U.S.C. §1132(g)(2)(D), the contributing employer is also liable for the Funds' attorneys' fees and costs in this action.

WHEREFORE, Plaintiffs ask that the Court enter the following Judgment against the contributing employer and in favor of the Funds for the following:

(1) $140,272.49 in principal delinquent contributions for the August 2018 and September 2018 work months, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(A);

(2) Ongoing interest on the amount set forth in paragraph (1), calculated at a rate of ten percent per annum, pursuant to the collective bargaining agreement and 29 U.S.C. 1132(g)(2)(B);

(3) $14,027.25 in liquidated damages (10% of the principal in (1)), pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(C)(ii);

(4) The Funds' reasonable attorneys' fees and costs pursuant to the collective bargaining agreement and ERISA, 29 U.S.C. §1132(g)(2)(D); and

(5) Any other further relief the court finds just and proper.

## COUNT TWO
## Union v. Contributing Employer
## Delinquent Dues under LMRA

25. The above paragraphs are incorporated herein by reference as though duly set forth at length.

26. Under Article II, Section (F) of the CBA, the contributing employer agreed to deduct union dues from the wages of employees who authorize such deduction and to remit the deducted amounts to the Union. (Exhibit B, pp. 9-10)

27. Such dues must be submitted to the Union, along with a report of the deduction on the remittance report submitted to the Funds, by the thirtieth day of the month following the reporting month.

28. According to the remittance reports submitted by the contributing employer a total of $18,685.46 in Union dues were deducted from employees' pay for work in the months of August and September 2018. (Exhibit C).

29. No such dues were remitted to the Union.

30. Despite notice of the delinquent dues and demands for payment thereof, the contributing employer has failed and refused to pay. (Exhibit D)

31. The contributing employer's actions violate the terms of the collective bargaining agreement which is actionable under 29 U.S.C. §185.

WHEREFORE, Plaintiffs ask that the Court enter the following Judgment against the contributing employer and in favor of the Union for:

    (1)     $18,685.46 in union dues pursuant to 29 U.S.C. §185 and the collective bargaining agreement; and

(2) Grant any other further relief the court finds just and proper.

## COUNT THREE
### Union v. Contributing Employer
### Conversion

32. The above paragraphs are incorporated herein by reference as though duly set forth at length.

33. The Court has supplemental subject matter jurisdiction of the pendant state law claims under 28 U.S.C. § 1367.

34. Pursuant to Article II, Section (F) of the CBA, union dues are deducted from employees' paycheck to be forwarded to the Union by the contributing employer. (Exhibit B, pp. 9-10)

35. The dues deducted from employees' paycheck are the property of the Union and are to be held in trust and promptly remitted by the contributing employer.

36. By failing to remit the deducted amounts to the Union by their respective deadline, the contributing employer deprived and continues to deprive the Union of its property without consent of the Union or legal justification.

37. By failing to remit the dues that had been deducted from employees' paychecks, the contributing employer is liable for the tort of conversion.

WHEREFORE, plaintiffs ask that the Court:

(1)   Enter judgment in favor of the plaintiff Union and against the defendant contributing employer in the amount of $18,685.46 for unremitted dues that were deducted from employees' paychecks during the months of August and September 2018; and

(2)   Grant any other further relief the court finds just and proper.

CLEARY, JOSEM & TRIGIANI, LLP

BY: _____
REGINA C. HERTZIG, ESQUIRE
JEREMY E. MEYER, ESQUIRE
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099

Dated:  April 22, 2019